IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-cr-30015 |
| ) | |
| **BYRON RENICKS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Byron Renicks' pro se motion (d/e 83) and amended motion for compassionate release (d/e 87) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

**I. BACKGROUND**

On February 22, 2017, an Indictment was filed against Byron Renicks.  Count 1 charged Defendant with possessing with the intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  Count 2 charged Defendant with possessing a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Count 3 charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On May 26, 2017, Defendant pled guilty to Counts 1 and 3.  On March 28, 2019, Defendant was sentenced to imprisonment for 240 months on Count 1 and 120 months on Count 3 to run concurrently and an 8-year term of supervised release on Count 1 and a 3-year term on Count 3 to run concurrently.

Defendant is currently serving his sentence in FCI Butner Medium II.  He has a projected release date of February 16, 2034.  As of September 28, 2020, FCI Butner Medium II has two inmate COVID-19 case.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed September 28, 2020).  Seven inmates and two staff members have recovered from the disease.  Id.

On July 15, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 83.  On September 10, 2020, following the appointment of the counsel to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 87.  Defendant seeks

compassionate release due to his health issues and the COVID-19 pandemic.

On September 22, 2020, the Government filed its response opposing Defendant's motion.  See d/e 88.  The Government argues that Defendant is not entitled to a reduction in his sentence.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language of 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release after exhausting administrative review of a BOP denial of the

inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that he requested compassionate release from the warden at his facility in April 2020 and the request was denied by the warden. See d/e 87, p. 4. However, Defendant did not present any evidence of this request. The Government states that BOP is not in receipt of a compassionate release request from Defendant. See d/e 88, p. 4.

The Court finds that the Defendant has failed to exhaust his administrative remedies or met the 30-day requirement of 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison. However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.

Defendant is currently incarcerated at FCI Butner Medium II. As of September 28, 2020, FCI Butner Medium II has two active COVID-19 case among inmates. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last

accessed September 28, 2020).  Seven inmates and two staff members have recovered from the disease.  Id.

Defendant Renicks is a 31-year-old African American male who has type 1 diabetes.  See d/e 87.  Defendant also argues that he has been diagnosed with high cholesterol and early heart disease, for which he is on medication.  See d/e 87, p. 2.  Defendant also contends that he was born with a weakened immune system, that he suffers from migraines, and that his family has a history of medical conditions.  Id.  The Government argues that Defendant does not suffer form any underlying health conditions that would place him at a higher risk if he contracts COVID-19.  See d/e 88, p. 12.

Defendant's medical records do not contain a diagnosis of high cholesterol, heart disease, or a weakened immune system. The CDC has identified that type 1 diabetes *might* increase Defendant's risk for serious illness if he contracts COVID-19, which is different than the list of conditions that are known to increase the risk.  See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed

September 28, 2020).  While Defendant has type 1 diabetes, he has no other comorbidities that would increase the risks associated with COVID-19.  See id.  Defendant has not presented any other evidence that he faces an increased risk of severe illness or death from COVID-19.  The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns.  While the Court is sympathetic to Defendant's medical health, he has not shown that he would be at a higher risk at his facility than he would be if released.

Finally, the Court must consider the factors set out in 18 U.S.C. § 3553(a).  Defendant is currently serving a 240-month sentence for possessing with the intent to distribute more than 28 grams of cocaine and being a felon in possession of a firearm.  While Defendant committed the foregoing offenses, he was on federal supervised release for distribution of crack cocaine and possessing a firearm in furtherance of a drug trafficking crime.  See Case No. 07-cr-30061.  Defendant has a violent history.  BOP has classified Defendant has a high recidivism risk, and Defendant is currently serving his sentence in a medium security facility.  See d/e 88, p. 14.  Defendant has over 13 years remaining on his

incarceration sentence as his projected release date is February 16, 2034. The Court has considered the factors in § 3553(a) and concludes that they do not entitle Defendant to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Renicks' pro se motion (d/e 83) and amended motion for compassionate release (d/e 87) are DENIED. The Clerk is DIRECTED to send a copy of this Opinion to FCI Butner Medium II.

ENTER: September 28, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE